UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Sidney Whitmore,                                    Case No. 3:24-cv-272

        Plaintiff,

v.                                                        ORDER

Sandeep Patel, *et al.*,

        Defendants.

      Defendants Sandeep Patel and Sheena Patel have filed a motion to strike what they describe as unsupported factual allegations contained in Plaintiff Sidney Whitmore's reply brief in support of her motion for partial summary judgment. (Doc. No. 19). Defendants then included in their reply brief in support of the motion to strike a one-sentence request for sanctions if Whitmore did not withdraw her opposition to the motion to strike. (Doc. No. 21 at 3). After Whitmore opposed Defendants' request for sanctions, (Doc. No. 22), Defendants filed a motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. (Doc. No. 24). I deny both motions.

      As the parties are well aware, the context in which Whitmore filed her initial motion, (Doc. No. 14), is important to understanding what follows. On September 23, 2024, after discussing with counsel a discovery dispute concerning potential depositions and trial testimony from the Defendants' minor children, I ordered Whitmore to "file her opening brief on the issue of whether Plaintiff's allegedly deficient performance is a legally viable defense to any of Plaintiff's claims for relief, including Plaintiff's claim for punitive damages." (Doc. No. 13).

As Whitmore stated in her initial motion, she "couched this motion as a summary judgment motion, although it could just as easily be written as a discovery motion. Plaintiff hopes that the Court will treat the motion as it is intended rather than according to a technical label." (Doc. No. 14 at 9 n.29). While Whitmore titled her motion as one for summary judgment, that is not what I ordered her to file, or the most appropriate description of the motion itself. Instead, it is formal briefing, akin to a motion in limine, bringing before me a disputed question about the scope of evidence which may be presented at a potential trial in this case and, by extension, a request for a ruling about the proper scope of discovery.

Further, if Whitmore's motion was properly characterized as a summary judgment motion, Defendants' motion would be procedurally improper. A motion to strike may be filed pursuant to Rule 12, which provides that a court "may strike <u>from a pleading</u> an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). Motions to strike are designed to "'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with' them early in the case." *Operating Eng'rs Loc. 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (quoting *Kennedy v. City of Cleveland,* 797 F.2d 297, 305 (6th Cir. 1986)) (further citation omitted).

Defendants implicitly concede their motion is not a motion to strike, as they never mention Rule 12(f) in their briefing. If Whitmore's motion was one for summary judgment – and I will not construe it as one when resolving the motion – a motion to strike at the summary judgment stage "should be construed as objections under Rule 56(c)(2)[, which] . . . governs objections to the admissibility of evidence offered to support a factual assertion in a motion for summary judgment." *Artuso v. Felt*, No. 1:19-CV-01798, 2022 WL 17960677, at *6 (N.D. Ohio Dec. 27, 2022), *aff'd,* No. 23-3035, 2024 WL 495763 (6th Cir. Feb. 8, 2024) (citations omitted). "In evaluating an objection under Rule 56(c)(2), the Court 'should disregard [inadmissible evidence] rather than striking it from

2

the record.'"  *Weisblat v. John Carroll Univ.*, --- F. Supp. 3d ---, 2024 WL 4172597, at *5 (N.D. Ohio Sept. 12, 2024) (quoting *Stephenson v. Family Sols. of Ohio, Inc.*, No. 1:18-cv-2017, 2021 WL 795551, at *5 (N.D. Ohio Mar. 2, 2021) (cleaned up)) (alteration by *Weisblat*).

In any event, the statements to which Defendants object, read in context, appear to be features of argument, not factual assertions.  This point is most clearly made by reference to Whitmore's initial motion, which demonstrates Plaintiff's counsel knows how to cite to record evidence when such citations are called for.  (*See* Doc. No. 14 at 4-8, n.2-28 and 13-14, n.30-34). Defendants fail to show I should disregard these statements, rather than give them whatever weight to which they are entitled.

Further, I deny Defendants' motion for sanctions under Rule 11 because Defendants fail to show Plaintiff's counsel violated any subsection of Rule 11(b).  (Doc. No. 24).

Finally, I strongly encourage counsel for all parties to reconsider the tone and tenor of their future briefing in this case, as I will not take a charitable view of further sensationalized, ad hominem attacks against opposing parties or counsel.

For the reasons stated above, I deny Defendants' motions to strike and for sanctions.  (Doc. Nos. 19 and 24).

So Ordered.

                                            s/ Jeffrey J. Helmick
                                            United States District Judge