UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Sidney Whitmore,                                        Case No. 3:24-cv-272

            Plaintiff,

    v.                                            MEMORANDUM OPINION
                                                     AND ORDER

Sandeep Patel, *et al.*,

            Defendants.

### I.     INTRODUCTION AND BACKGROUND

Plaintiff Sidney Whitmore filed suit against her former employers, Defendants Sandeep Patel and Sheena Patel, alleging they willfully failed to pay her minimum wage, or overtime wages for hours she worked in excess of 40 hours per week, while employed as a full-time nanny. (Doc. No. 1). During the course of discovery, the parties were unable to resolve a dispute regarding whether the defense would be entitled to offer evidence in support of their argument that Whitmore's deficient work performance affected their obligation to pay her overtime compensation. Defendants identified two of their minor children as potential witnesses in support of this argument, and the parties have been unable to resolve a related dispute concerning whether Whitmore is entitled to depose both children.

At my instruction, Whitmore filed a motion seeking a ruling on the legal viability of Defendants' proposed defense in light of the evidence Defendants seek to offer.[1] (Doc. No. 14). Defendants filed a brief in response, (Doc. No. 16), and Whitmore filed a brief in reply. (Doc. No. 18). For the reasons stated below, I conclude evidence of Whitmore's allegedly deficient performance is not admissible and grant her motion.

## II.   DISCUSSION

Whitmore worked as a full-time nanny for Defendants' three minor children from January 2022 through March 2023. (Doc. No. 1 at 4). She alleges Defendants never paid her overtime wages despite regularly requiring her to work more than 40 hours per week. (*Id.*). *See also* 29 U.S.C. § 207(a)(1) (requiring employers to pay employees at least 1.5 times the employee's regular rate of pay for all hours worked in excess of 40 hours per week). She also alleges Defendants did not pay her the required minimum wage. (Doc. No. 1 at 6-7).

Defendants argue they should not be required to pay Whitmore overtime wages for some or all of the time she allegedly worked in excess of 40 hours per week because Whitmore allegedly often neglected her job duties. (Doc. No. 16); (*see id.* at 1) ("Instead of doing her job, Whitmore spent much of the day by herself – playing on her phone, watching TV, and ignoring the Patel children – forcing the children to care for themselves."). While Whitmore frames this dispute as one about the quality of her work, (Doc. No. 14 at 8), Defendants assert it is instead about the quantity of her work and that they should not be required to pay Whitmore for time she did not spend working. (Doc. No. 16 at 3-5).

Defendants contend they should be able to offer evidence that Whitmore "abandon[ed] the Patel children, forcing them to do *her work* and engaging in her own personal pursuits instead." (*Id.*

---

[1] Though captioned as a motion for partial summary judgment, I consider Whitmore's motion to be more aligned with a motion in limine seeking to determine the relevance, and thus the admissibility, of evidence regarding her performance of her job duties.

2

at 5) (emphasis in original).  They argue "it is neither 'work' nor compensable time when an employee is on a break and surfing the internet instead of performing their duties, even if they are required to stay on the premises, monitor what is happening, and respond if an emergency arises." (*Id.* at 3) (emphasis removed).  Defendants' argument is not persuasive.

The Fair Labor Standards Act in part requires an employer to compensate an employee for hours worked during a pay period.  "[T]he Supreme Court has held that 'work' means 'physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business.'"  *Ruffin v. MotorCity Casino*, 775 F.3d 807, 811 (6th Cir. 2015) (quoting *Tenn. Coal, Iron & R.R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 598 (1944)).

There often are certain anticipated periods, such as lunch breaks, during the workday where an employee is not expected to perform any work, even while at the employee's place of employment.  "As long as the employee can pursue his or her mealtime adequately and comfortably, is not engaged in the performance of any substantial duties[] and does not spend time predominantly for the employer's benefit, the employee is relieved of duty and is not entitled to compensation under the FLSA."  *Hill v. United States,* 751 F.2d 810, 814 (6th Cir. 1984).  But "'[t]ime spent predominantly for the employer's benefit during a period, although designated as a lunch period or under any other designation, nevertheless constitutes working time compensable under the [FLSA].'"  *Ruffin*, 775 F.3d at 811 (quoting *F.W. Stock & Sons, Inc. v. Thompson,* 194 F.2d 493, 496–97 (6th Cir. 1952)) (second alteration by *Ruffin*).

Defendants in essence argue that Whitmore created her own non-compensable breaks throughout the day and thus was not "working" for large portions of the day, contrary to Defendants' wishes.  (*See* Doc. No. 16 at 5).  In other words, they believe Whitmore was not

3

adequately performing her job duties, because she was supposed to be actively caring for their children and performing household tasks, and she chose not to do so.

But "[t]he focus of an overtime case is not about whether an employee performed her job poorly." *Adkins v. Phoenix Rising Behavioral Healthcare & Recovery Inc.*, Case No. 5:15-cv-922, 2016 WL 5661617, at *8 (N.D. Ohio Sept. 30, 2016). Accordingly, the FLSA does not require compensation only for "the hours spent in active productive labor." 29 C.F.R. § 778.223(b). Compensable "hours worked" under the FLSA also "includes time given by the employee to the employer even though part of the time may be spent in idleness." *Id.*

Defendants have not identified any legal basis for their contention that they are permitted to retroactively remove periods of time from the calculation of Whitmore's hours worked per week because Whitmore allegedly neglected her duties during those periods. As Whitmore points out, Defendants' complaints are really about whether her job performance met Defendants' expectations, not the number of hours she was on the clock as a nanny. Indeed, there is no dispute between the parties that Defendants expected Whitmore to perform an array of tasks while she was required to be at their home, including housekeeping, monitoring Defendants' children, and remaining on duty in case of emergencies.

This case concerns whether Defendants complied with federal and state laws applicable to the payment of Whitmore's wages. Evidence that Defendants did not believe Whitmore's job performance was adequate is not relevant to the question of whether Defendants compensated Whitmore in compliance with the law. *See* Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."). Therefore, I will not permit Defendants to offer the proposed testimony from their daughter or other evidence that Whitmore did not perform her job duties adequately.

In the alternative, even if I were to assume this evidence was relevant, I conclude it must be excluded pursuant to Rule 403.  That rule provides that a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  Any potential relevance the job-performance evidence may have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury, as a juror may be mistakenly led to make ultimately arbitrary decisions about whether Whitmore performed her job duties at an acceptable level during a given time period such that she would be "entitled" to receive her regular rate of pay.  *See, e.g., Hardesty v. Kroger Co.*, Case No. 1:16-cv-298, 2022 WL 742847, at *3 (S.D. Ohio March 11, 2022) ("The evidence risks distracting the factfinders from determining whether the employees were entitled to overtime pay and leading them to think that the employees' job performance, if poor, somehow disentitles them to overtime compensation under the FLSA.").

### III.   CONCLUSION

I conclude Defendants have not shown that evidence related to Whitmore's performance of her job duties is admissible to dispute her claims for nonpayment of required wages under federal and state law.  Therefore, I grant Whitmore's motion and exclude this evidence.  (Doc. No. 14).


So Ordered.


                                                s/ Jeffrey J. Helmick
                                                United States District Judge